# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-601-FDW

| | |
|---|---|
| DARRYL THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FELIX C. TAYLOR, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment. (Doc. No. 4).

### I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on April 14, 2011, in Mecklenburg County Superior Court, was convicted after trial by jury of first-degree rape and was sentenced to 384-470 months imprisonment, in case 09 CRS 227276. On September 4, 2012, the North Carolina Court of Appeals filed an unpublished opinion finding no error, and on December 12, 2012, the Supreme Court of North Carolina dismissed Petitioner's notice of appeal to that court and denied petition for discretionary review (PDR). State v. Thompson, 731 S.E.2d 720 (N.C. Ct. App.), review denied, 735 S.E.2d 333 (N.C. 2012). See (Doc. Nos. 5-2; 5-3; 5-4; 5-5; 5-6; 5-7; 5-8; 5-9). Petitioner was represented at trial by Mr. Daniel P. Roberts and on appeal by Mr. Daniel R. Pollitt.

On March 4, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in

1

Mecklenburg County Superior Court. (Doc. No. 5-10). On March 12, 2013, the MAR Court summarily denied the MAR. (Doc. No. 5-11). On April 29, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5-12). On May 3, 2013, the state filed a response. (Doc. No. 5-13). On May 6, 2013, certiorari was denied. (Doc. No. 5-14). On June 18, 2013, Petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina. (Doc. No. 5-15). On August 27, 2013, certiorari was dismissed. (Doc. No. 5-16).

On October 30, 2013, Petitioner filed his pro se federal habeas application form in this Court, placing it in the prison system for mailing on October 26, 2013. Petitioner contends: (1) there was insufficient evidence of the element of vaginal intercourse; (2) his conviction was coerced because he was planning to testify, but defense counsel spoke with Petitioner's family members and persuaded him not to testify because an old conviction would likely be disclosed if he testified; (3) his conviction was obtained by evidence gained pursuant to an unconstitutional search and seizure; (4) he received ineffective assistance of trial counsel based on counsel's failure to call a witness on Petitioner's behalf; and (5) his conviction was obtained by the use of inadmissible testimony from Nurse Cindy Alvord on the credibility of the rape victim and this was prejudicial and fundamentally unfair.

On December 17, 2013, Respondent filed the pending motion for summary judgment. (Doc. No. 4). On December 18, 2013, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Plaintiff thirty days to respond to the summary judgment motion. (Doc. No. 6). On December 31, 2013, Petitioner filed a response to the summary judgment motion. In the response, Petitioner did not attach any exhibits, but merely reasserted the arguments made in his original petition.

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> The State's evidence at trial tended to show the following facts. On 4 September 2005 at around 7:00 p.m., "Lucy Smith" was exercising on the Eastway Middle School track. As she was walking, defendant began to speak to Ms. Smith from a distance and then approached and grabbed her. He put his hand over her mouth and forced her toward the bleachers, ordering her not to scream. Upon reaching the bleachers, defendant began to lick her breasts and upper chest. He then forcibly spread her legs and inserted his penis into her vagina. Defendant threatened, "Don't say anything or I am going to kill you, bitch." At some point during the assault, he pulled out of his pocket a hammer or a stick with a ball on the end.
> 
> After putting back on her clothes, which defendant had ripped off, Ms. Smith drove to her niece's house. Ms. Smith's niece called the police, and an ambulance took Ms. Smith to the hospital where she was examined by Cindy Alvord, a registered nurse, who was working in triage at Carolinas Medical Center.
> 
> Defendant was indicted for first degree rape, first degree kidnapping, and robbery with a dangerous weapon. At trial, Ms. Alvord testified as an expert witness. She reported that Ms. Smith was covered in grass and had red marks on her body. She said Ms. Smith told her that a "black male c[a]me into the park ... [and] proceeded to tear her clothes off and rape her." Ms. Alvord stated that she found that Ms. Smith and Ms. Smith's history "seemed very credible." During her examination of Ms. Smith, Ms. Alvord found sperm in Ms. Smith's genital area and collected a rape kit from her. The rape kit was sent to LabCorp for DNA testing. A comparison of the rape kit swabs and a buccal swab from defendant showed that the samples were consistent with each other.
> 
> The trial court dismissed the charge of robbery with a dangerous weapon, and the jury convicted defendant of first degree rape and first degree kidnapping. After arresting judgment on the kidnapping charge, the trial court sentenced defendant to a presumptive-range term of 384 to 470 months imprisonment for first degree rape.

State v. Thompson, 731 S.E.2d 720, *1 (N.C. Ct. App. 2012) (footnote omitted).

## II.   STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law.

3

FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree."

4

Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10–6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. §

5

2254(b)(1)(A).

Section 2254's exhaustion requirement demands that a petitioner give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Larry v. Branker, 552 F.3d 356, 366 (4th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). However, a petitioner may overcome a finding of procedural default by showing cause and prejudice arising from the asserted constitutional error. McCarver v. Lee, 221 F.3d 583, 591–92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." Id. at 591 (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392–94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494–96 (1986)).

### III.  DISCUSSION

A.  Petitioner's Ground One.

In Petitioner's first ground for relief, he contends that there was insufficient evidence of the element of vaginal intercourse. On federal habeas review, the standard of review for a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). Any claim of insufficient evidence is necessarily a due process claim. Furthermore, it is well-established that, in reviewing claims of insufficient evidence, courts "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Petitioner raised the substance of his first ground for relief, and the MAR Court summarily denied the claim on the merits. (Doc. Nos. 5-10; 5-11). The MAR Court's order did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, nor was the MAR Court's order based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Here, as set forth in the above statement of facts, the evidence was sufficient to show vaginal penetration, i.e., the victim's testimony that Petitioner put his penis into her vagina and the semen from her vagina. (Doc. No. 5-17 at 66). Petitioner's contention to the contrary, is without merit, and Petitioner's first ground for relief is denied.[1] See N.C. GEN. STAT. § 14-27.2 (2001) (first-degree rape).

---

[1] Petitioner did not raise this specific insufficiency of the evidence claim on direct appeal. In the MAR denying this and Petitioner's other claims, the MAR Court stated that "[t]he Motion does not state any grounds for which the Court may grant relief pursuant to N.C.G.S. § 1415, or

In sum, Petitioner's first ground for relief is without merit.

B.     Petitioner's Ground Two.

In Petitioner's second ground for relief, Petitioner contends that his conviction was coerced because he was planning to testify, but defense counsel persuaded him not to testify because Petitioner would be questioned about a prior conviction. This is, in essence, a claim of ineffective assistance of counsel for coercing Petitioner into not testifying on his own behalf. Petitioner raised the substance of his second ground for relief in his MAR, and the MAR Court denied the claim. The MAR Court's denial of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it an unreasonable application of the facts in light of the evidence presented in the state court. As Respondent notes, Petitioner had a lengthy criminal record, including multiple counts of assault on a female from 2004 and 2008, a domestic violence protective order from 2008, and assault with a deadly

---

N.C.G.S. § 15A-1419." (Doc. No. 5-11 at 2). As an alternative defense to all Petitioner's claims, Respondent pleads procedural bar to the extent that the MAR Court denied the claim based on procedural bar. See McCarver v. Lee, 221 F.3d 583 (4th Cir. 2000) (IAC claim procedurally barred from federal habeas review where state post-conviction court denied claim on alternative ground of procedural bar because it had not been raised on direct appeal), cert. denied, 531 U.S. 1089 (2001). The Court agrees with Respondent that, to the extent that the MAR Court summarily denied any of Petitioner's claims based on procedural bar, then Petitioner would be procedurally barred from raising those claims here, and he has failed to show cause or prejudice or a fundamental miscarriage of justice to excuse the default.

weapon from 2001, any advice by counsel not to testify was sound trial strategy. (Doc. No. 5-4 at 34-35). Furthermore, counsel asked the trial court to make inquiry of Petitioner to ensure he understood his right to testify and present evidence. (Doc. No. 5-17 at 319). During this inquiry, the trial court ensured that Petitioner understood that the decision of whether or not to offer any evidence and testify rested with him alone and that he need not follow his lawyer's advice. (Id. at 319-23). The trial court also gave Petitioner additional time to speak with his lawyer before making his decision. See (Id. at 324). After that recess, Petitioner told the trial court that he decided not to testify or present any evidence. (Id. at 330). Based on Petitioner' answers to the trial court's questions, the trial court determined that Petitioner's decision not to testify or present evidence was "made freely, voluntarily, knowingly, and understandingly, with the full appreciation of his rights." (Id. at 331). This inquiry shows Petitioner made his own decision not to testify or present evidence. Therefore, Petitioner has shown neither prong of Strickland.

In sum, Petitioner's second ground for relief is without merit.

C. Petitioner's Ground Three.

In Petitioner's third ground for relief, he contends that his conviction was obtained by evidence gained pursuant to an unconstitutional search and seizure. To support this contention, Petitioner asserts that his conviction was obtained by the collection of his DNA from unrelated charges that lacked evidence and were dismissed. This claim is without merit. First, although Petitioner did not raise this claim on direct review, he raised the substance of his third ground for relief in his MAR, and the MAR summarily denied the claim on the merits. (Doc. Nos. 5-10; 5-11). In Stone v. Powell, 428 U.S. 465, 481-82 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the

9

Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." The record shows that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court. Thus, he is not entitled to habeas review of his Fourth Amendment claim.

In sum, Petitioner's third ground for relief is without merit.

D. Petitioner's Ground Four.

In Petitioner's fourth ground for relief, he contends that he received ineffective assistance of trial counsel. To support this contention, Petitioner asserts that he asked his lawyer to present a witness at trial and to testify on his own behalf, and that various medical records that would have exculpated Petitioner were not introduced into evidence, and counsel limited his cross-examination of the state's witnesses. Specifically, Petitioner is complaining that counsel did not call one of the nurses, Amber Stem, who examined the victim to testify at Petitioner's trial, and Petitioner appears to speculate that Stem would have testified that the sexual assault exam exonerated Petitioner because it showed no sign of physical trauma. Petitioner raised this claim in his MAR, and the MAR Court summarily denied the claim. The MAR Court's denial of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. As the Court discussed in its analysis of Petitioner's first ground for relief, Petitioner has not shown a due process claim based on insufficient evidence. Moreover, Petitioner has produced no admissible evidence on summary judgment to show that testimony from Amber Stem regarding the sexual assault examination would have in any way exonerated Petitioner.

In sum, Petitioner's fourth ground for relief is without merit.

E.      Petitioner's Ground Five.

In Petitioner's fifth ground for relief, he contends that his conviction was obtained by the use of inadmissible testimony from Nurse Cindy Alvord on the credibility of the plaintiff and this was prejudicial and fundamentally unfair. Petitioner failed to object to this matter at trial, and raised it on appeal in terms of plain error, and in terms of state law only. (Doc. No. 5-5 at 27-37; Doc. No. 5-7 at 8-10). The North Carolina Court of Appeals adjudicated and denied the claim in terms of plain error, as follows:

> Defendant further contends the trial court committed plain error under Rules 405(a) and 608 of the Rules of Evidence in allowing certain testimony of Cindy Alvord, an expert witness for the State, that she believed Ms. Smith to be credible.
> . . . .
> During redirect examination, Ms. Alvord gave the following testimony:
> Q Is there anything in her history that she provided to you that caused you to—in your physical examination of her, did anything about that cause you to question her history?
> A No. She seemed very credible. She was petrified when she came in.
>
> Rule 405(a) of the North Carolina Rules of Evidence provides that "[e]xpert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior." Our Supreme Court in State v. Heath, 316 N.C. 337, 342, 341 S.E.2d 565, 568 (1986), held that "Rules 608 and 405(a), read together, forbid an expert's opinion as to the credibility of a witness."
> Although the trial court, therefore, improperly allowed Ms. Alvord's testimony regarding Ms. Smith's credibility, defendant has not satisfied the requirement that he prove that absent the error, the jury probably would have reached a different result. Given the DNA evidence indicating that defendant had vaginal intercourse with Ms. Smith and the evidence of Ms. Smith's appearance at the hospital—including the fact that Ms. Smith had scratches and welts on her sides and legs seemingly caused by fingers and that her clothes, including her underwear, were torn—we do not believe that there is any likelihood that the jury would have reached a different verdict in the absence of Ms. Alvord's testimony that she found Ms. Smith credible.

State v. Thompson, 731 S.E.2d at *3-4.

Petitioner's claim fails for several reasons. First, his claim is procedurally barred.

Although Petitioner raised the substance of this contention on direct appeal to the Court of Appeals, he did so in state law terms only.[2] (Doc. No. 5-5 at 27-38). If Petitioner were to attempt to return to state court and fairly raise his fifth ground for relief in federal constitutional terms in another post-conviction MAR, however, it would be deemed procedurally barred. See N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (claim shall be denied when defendant was in adequate position to have raised it in prior appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., "actual innocence"); see also Rose v. Lee, 252 F.3d 676 (North Carolina's post-conviction procedural bar statute of section 15A-1419 is now mandatory). Thus, Petitioner's fifth ground for relief is procedurally barred from federal habeas review.

Furthermore, as Respondent notes, the fact that Petitioner re-phrased his fifth ground for relief in federal constitutional terms in his petition for discretionary review to the North Carolina Supreme Court is insufficient to fairly present the claim to the state courts for adjudication, and therefore does not avoid the procedural bar. See (Doc. No. 5-8). See Castille v. Peoples, 489 U.S. 346 (1989) (raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state remedies) and Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990) (certiorari petition under North Carolina procedure, like a certiorari petition to the United States Supreme Court, is a discretionary petition and its denial is not adjudication of merits of claims but merely discretionary refusal to hear the case), cert. denied, 498 U.S. 1032 (1991).

---

[2] The admission or exclusion of evidence in a state criminal trial is not cognizable on federal habeas review, absent a specific constitutional violation or fundamental unfairness. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) and Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994).

Finally, in concluding that there was no plain error, the Court of Appeals implicitly concluded that Petitioner suffered no prejudice from any ineffectiveness by trial counsel in failing to object to or otherwise raise these claims at trial. See State v. Seagroves, 78 N.C. App. 49, 54 (1985) ("There being no 'plain error' in the jury instructions, defendant's assertion of ineffective assistance of counsel with respect thereto must also fail."), disc. review denied, 316 N.C. 384 (1986). Trial counsel therefore could not have been ineffective under Strickland for failing to raise meritless claims. Moreover, plain error review constitutes enforcement of the procedural bar for failing to object at trial, and precludes federal habeas review. See Daniels v. Lee, 316 F.3d 477, 487-88 (4th Cir. 2003) (plain error review in state appellate court of claim not raised at trial does not eliminate prior procedural default), cert. denied, 540 U.S. 851 (2003).

In sum, Petitioner's fifth ground for relief is without merit.

**IV. CONCLUSION**

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED**, and the petition is dismissed.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 8, 2014

Frank D. Whitney
Chief United States District Judge